Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDUARDO CORA COLÓN<br><br>Apelantes<br><br>v.<br><br>GRUPO FERRER RANGEL<br><br>Apelado | KLAN202301098 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Corozal en Carolina<br><br>Caso Núm.<br>F DP2017-0144<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Aldebol Mora y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Eduardo Cora Colón ("señor Cora Colón"), María de los Ángeles Hernández Viera ("señora Hernández Viera¨) y la Sociedad Legal de Gananciales compuesta por ambos ("SLG") (en conjunto, "Apelantes" o "matrimonio Cora-Hernández") mediante recurso de *Apelación Civil* y solicita la revisión de la *Sentencia* emitida el 7 de septiembre de 2023 y notificada el 11 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Municipal de Corozal en Carolina ("TPI"). Mediante el referido dictamen, el TPI desestimó la demanda presentada por el matrimonio Cora-Hernández en contra de GFR Media, LLC ("Apelado" o "GFR"), al determinar que el señor Cora Colón no presentó prueba para sustentar sus alegaciones de daños por difamación.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

**I.**

El 18 de mayo de 2017, el matrimonio Cora-Hernández presentó ante el TPI una demanda sobre difamación y daños y perjuicios en contra de GFR.

Posteriormente, el 9 de abril de 2018, los Apelantes presentaron una *Segunda Demanda Enmendada*. Conforme surge de la *Segunda Demanda Enmendada*, el 12 de febrero de 2014, se radicaron cargos en el Tribunal Federal de Distrito para el Distrito de Puerto Rico en contra del señor Cora Colón, entre otros, por fraude bancario. Asimismo, el matrimonio Cora-Hernández señaló que, el 17 de noviembre de 2014, los cargos radicados en contra del señor Cora Colón fueron desestimados, a petición de la Fiscalía Federal. No obstante, alegaron que, el 1 de julio de 2015, la plataforma digital de El Nuevo Día publicó una noticia en la cual identificó al señor Cora Colón como acusado. Adujeron, además, que el 6 de julio de 2015, El Nuevo Día difundió otra noticia en la cual, nuevamente, identificó al Apelante como acusado y expresó que "[e]l resto de los acusados ya se declararon culpables [...]". De igual manera, afirmaron que, el 23 de mayo de 2016, El Nuevo Día había reportado que "[...] el resto de los imputados llegó a acuerdos con el gobierno federal e hizo alegación de culpabilidad", y que, de nuevo, había nombrado al señor Cora Colón como uno de los acusados. El señor Cora Colón alegó que la falsedad de lo reportado era de fácil corroboración por El Nuevo Día, ya que surgía del *docket* del caso federal. Además, adujeron que, El Nuevo Día debía haber conocido que los cargos en contra del Apelante habían sido desestimados porque la periodista quien redactó las publicaciones había cubierto el caso desde sus inicios. Asimismo, sostuvieron que la falsedad de lo publicado lesionó su intimidad, imagen, reputación y honor. Por todo lo cual, el señor Cora Colón y la señora Hernández Viera, respectivamente, solicitaron indemnización por concepto de daños por difamación.

Luego de varias instancias procesales, los días 20 y 21 de junio de 2023 fue celebrado el juicio en su fondo. El TPI dictó una *Sentencia* el 7 de septiembre de 2023, notificada el 11 del mismo mes y año. Mediante el referido dictamen, el foro primario desestimó la demanda de epígrafe por entender que el señor Cora Colón no había presentado prueba sobre los daños

reales sufridos por este. Durante el juicio, el matrimonio Cora-Hernández presentó los siguientes testimonios: (1) señor Cora-Colón; (2) señora Hernández Viera, y; (3) Lcdo. Guillermo Ramos, representación legal de los Apelantes. Por su parte, GFR presentó el testimonio de la periodista, Mariana Cobián Rodríguez. A su vez, GFR presentó la deposición del señor José Arzuaga Arrieta, jefe del señor Cora Colón en la emisora de radio "Magic". Evaluada la prueba documental y testimonial, el TPI realizó un total de cuarenta y un (41) determinaciones de hechos, además de los treinta y nueve (39) hechos estipulados por las partes. En síntesis, el foro apelado determinó que, el señor Cora-Colón no presentó prueba sobre sus daños emocionales y morales. De igual manera, concluyó que el Apelante tampoco presentó prueba sobre los daños ocasionados a su reputación e imagen. Por todo lo cual, el foro apelado determinó que el Apelante no logró evidenciar uno de los elementos de la causa de acción por difamación, los daños reales. Así las cosas, desestimó con perjuicio la causa de acción presentada por el señor Cora-Colón.

Por otra parte, respecto a la señora Hernández Viera, el TPI determinó que, contrario al señor Cora-Colón, la Apelante había declarado que, como consecuencia de las noticias, había sentido ansiedad, tristeza, angustia y coraje, lo cual provocó que no le gustara salir de su casa. Asimismo, el foro apelado determinó que tal situación fue ocasionada por la negligencia de GFR. No obstante, el TPI desestimó la causa de acción presentada por la señora Hernández-Viera. El foro apelado sostuvo que, conforme a lo resuelto en *Colón, Ramírez v. Televicentro de P.R.*, 175 DPR 690 (2009), cuando un tercero reclama al amparo del Art. 1802 del Código Civil, *supra*, para solicitar indemnización por los daños sufridos al haberse difamado a otra persona, y esta, a su vez, presenta una reclamación, la del tercero únicamente será considerada cuando se determine que procede la acción principal.

Inconforme, el 25 de septiembre de 2023, el matrimonio Cora-Hernández presentó una solicitud de *Reconsideración y Solicitud de Enmiendas o Determinaciones de Hechos Iniciales o Adicionales*, la cual fue denegada mediante *Resolución* notificada el 6 de noviembre de 2023. Insatisfecho aun, el 7 de diciembre de 2023, el señor Cora Colón acudió ante esta Curia mediante recurso de *Apelación Civil* y solicitó la revisión de la *Sentencia* notificada el 11 de septiembre de 2023. El Apelante señaló la comisión de los siguientes errores:

**Erró el Honorable Tribunal de Primera Instancia al no determinar hechos debidamente sustentados por la evidencia presentada en el juicio y al determinar hechos no sustentados.**

**Erró el Honorable Tribunal de Instancia al determinar que no se probó que el demandante sufriera daños a su reputación e imagen y daños emocionales y morales.**

**Erró el Honorable Tribunal de Primera Instancia al no determinar que las actuaciones de la apelada respecto a las publicaciones falsas no solo fueron negligentes, sino que también constituyeron malicia real en su vertiente de grave m[e]nosprecio por la verdad.**

**Erró el Honorable Tribunal de Instancia al concluir que, aunque se probó que la demandante sufrió daños a consecuencia de la negligencia de la parte demandada, procedía desestimar su reclamación, porque se desestimó la acción principal del demandante por ausencia de daños.**

El 15 de abril de 2024, los Apelantes presentaron la transcripción estipulada de la prueba oral presentada durante el juicio en su fondo. Posteriormente, el 6 de mayo de 2024, el matrimonio Cora-Hernández presentó su *Alegato Suplementario*.

Así las cosas, el 5 de junio de 2024, GFR presentó su *Alegato en Oposición a Apelación Civil*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes y la transcripción estipulada de la prueba oral, procedemos a resolver.

## II.

### -A-

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende, en gran medida, de la exposición del juzgador de los hechos a la prueba presentada, lo cual incluye, ver el comportamiento del testigo y escuchar su voz, mientras ofrece su testimonio. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* 209 DPR 759, 778 (2022). De ahí que, los tribunales apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, salvo que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Íd.* Cuando la alegación es de pasión, prejuicio o parcialidad, el llamado a los foros apelativos es verificar, primordialmente, si el juzgador de los hechos cumplió con su función de adjudicar de manera imparcial. *Gómez Márquez et al. v. El Oriental Inc.*, 203 DPR 783, 793 (2020). Solo así podremos apoyar sus determinaciones de hechos. *Íd.*

Por otro lado, constituye error manifiesto cuando, de un análisis de la totalidad de la evidencia, el foro apelativo se convence de que se cometió un error, independientemente de que exista evidencia que sostenga las conclusiones de hecho del Tribunal. *Íd.* De manera que, la facultad de los foros apelativos para sustituir el criterio de los tribunales de instancia se limita a aquellos escenarios, en los cuales, de la prueba admitida no surge base suficiente que apoye su determinación. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* supra. Como se sabe, las diferencias de criterio jurídico no alcanzan dicho estándar. *Íd.*

Ahora bien, cabe destacar que, en ausencia de evidencia oral, el Tribunal de Apelaciones carece de los elementos para descartar la apreciación razonada y fundamentada de la prueba que realizó el Tribunal de Primera Instancia. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011).

Como vemos, nuestro esquema probatorio está revestido de un manto de deferencia hacia las determinaciones de credibilidad que realizan los juzgadores de instancia, con respecto a la prueba testifical presentada ante sí. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 146-147 (2020). Lo anterior, en reconocimiento a la oportunidad que tiene el foro primario de ver y observar a los testigos declarar, de poder apreciar sus gestos, titubeos, contradicciones, manerismos, dudas, vacilaciones con el efecto de ir formando gradualmente, en su conciencia, la convicción sobre si dicen o no la verdad. *Íd.*, págs. 857-858.

**-B-**

La Sección 8 del Artículo II de la Constitución del Estado Libre Asociado establece que "[t]oda persona tiene derecho a la protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar". Const. P.R. Art. II Sec. 8. De esta disposición surge la protección a un ciudadano contra la difamación. La difamación se ha definido como "[d]esacreditar a una persona publicando cosas contra su reputación". *Pérez Rosado v. El Vocero de P.R.*, 149 DPR 427, 441 (1999). A su vez, la acción civil de daños y perjuicios ocasionados por difamación está estatuida en la Ley de Libelo y Calumnia. 32 LPRA sec. 3141 *et seq.*

La Ley de Libelo y Calumnia, 32 LPRA sec. 3143, define el término calumnia como sigue:

> [L]a publicación falsa o ilegal, que no sea un libelo, y que impute a una persona la comisión de un hecho constitutivo de delito, o tienda directamente a perjudicarle con relación a su oficina, profesión, comercio o negocios, o que, como consecuencia natural, le cause daños reales y efectivos.

Por otro lado, la referida ley, 32 LPRA sec. 3142, define el término libelo de la siguiente manera:

> [L]a difamación maliciosa que públicamente se hace en contra de una persona [...] tendente a exponer a dicha persona al odio del pueblo o a su desprecio, o a privarle del beneficio de la confianza pública y trato social, o a perjudicarle en sus negocios; o de otro modo desacreditarle, menospreciarle o deshonrarle, o cualquiera difamación maliciosa publicada, como antes se ha dicho, con la

intención de denigrar o deprimir la memoria de un muerto y desacreditar o provocar a los parientes y amigos sobrevivientes.

El libelo requiere la existencia de un récord permanente de la expresión difamatoria, además de los otros elementos de la acción; mientras que la calumnia se configura cuando se hace una expresión verbal difamatoria, junto con los otros elementos de la acción. *Ojeda v. El Vocero de P.R.*, 137 DPR 315, 325-326 (1994).

Para que prospere una acción por libelo o difamación el demandante deberá probar: **(l) la falsedad de la información publicada; 2) los daños reales sufridos a causa de dicha publicación; 3) si el demandante es una figura privada, hay que demostrar que las expresiones fueron hechas negligentemente**; 4) pero si el demandante es una figura pública, en vez, hay que demostrar que las expresiones se hicieron con malicia real, es decir, a sabiendas de que era falso o con grave menosprecio de si era falso o no. (Énfasis nuestro) (Citas omitidas). *Garib Bazain v. Clavell*, 135 DPR 475, 482 (1994). Asimismo, para prevalecer en una acción por difamación el demandante no solo debe probar que cierta información publicada era de contenido difamatorio, sino que se refiere a su persona de modo particular. *Sociedad de Gananciales v. El Vocero*, 135 DPR 122, 128 (1994).

Asimismo, la prueba de malicia real o de negligencia deberá ser "clara, robusta y convincente". *Colón Pérez v. Televicentro de P.R.*, *supra*, a la pág. 725. Se ha reconocido que este criterio impone una carga "mucho más sólida que la preponderancia de la evidencia, pero menos rigurosa que la prueba más allá de toda duda razonable". *In Re Ruiz Rivera*, 168 DPR 246, 253 (2006). Este nivel más elevado de exigencia de prueba ofrece mayor protección a la libertad de expresión y establece "un tipo de privilegio limitado a favor de quien hace la expresión". *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 149 (2013).

Por otro lado, nuestro más Alto Foro ha establecido que "cuando se efectúan expresiones o publicaciones difamatorias que producen daños, sin

que medie malicia o alguno de los elementos para que proceda la acción estatutaria de los daños por difamación, siempre procederá una acción de daños y perjuicios bajo el Artículo 1802 del Código Civil, *supra*, teniendo que probarse todos los elementos indispensables de dicha causa de acción". *Ojeda v. El Vocero de Puerto Rico*, 137 DPR 315, 326 (1994), citando a *Romany v. El Mundo, Inc.*, 89 DPR 604, 618 (1963).

Por último, para que la acción de difamación prospere, se requiere que el demandante demuestre que la actuación imputada a la parte demandada le causó daños reales. El concepto de daño se ha definido como "el menoscabo que a consecuencia de un acontecimiento o evento determinado sufre una persona, ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio". *Galib Frangie v. El Vocero*, 138 D.P.R. 560, 571 (1995). También se refiere a "la actuación desfavorable de las circunstancias que a consecuencia de un hecho determinado se produce contra la voluntad de una persona y que afecta los bienes jurídicos que le pertenecen (personalidad, libertad, honor, patrimonio)". *Íd.* Claro, de ordinario, en pleitos como el presente, la persona perjudicada por la actuación difamatoria suele ser compensada por la lesión causada a su reputación y relaciones en la comunidad y por otros daños resultantes de dicha actuación, tales como los daños morales y las angustias mentales. *Íd.* a las págs. 571-572.

**III.**

El matrimonio Cora-Hernández nos solicita que revisemos la *Sentencia* notificada el 11 de septiembre de 2023 por el TPI. Mediante el referido dictamen, el foro primario desestimó las causas de acción presentadas por el señor Cora Colón y la señora Hernández Viera, respectivamente. El TPI determinó que el señor Cora Colón no evidenció los daños reales sufridos como consecuencia de las actuaciones negligentes de GFR. Asimismo, concluyó que procedía desestimar la causa de acción presentada por la señora Hernández Viera, a pesar de haber probado que sufrió daños reales.

El TPI concluyó que, en casos que un tercero reclame al amparo del Art. 1802 del Código Civil, *supra*, para solicitar indemnización por los daños sufridos al haberse difamado a otra persona, y esta, a su vez, presenta una reclamación, la acción principal deberá proceder para poder considerar la acción presentada por el tercero.

En síntesis, los Apelantes sostienen que el TPI erró al no evaluar la totalidad de la prueba al realizar las determinaciones de hechos y proponen hechos materiales adicionales. Alegan, además, que incidió el foro primario al determinar que el señor Cora Colón no sufrió daños a su reputación e imagen, así como daños morales y angustias mentales. De igual manera, cuestionan la determinación del foro apelado al determinar que las actuaciones de GFR fueron negligentes y no concluir que constituyeron malicia real en su vertiente de grave menosprecio por la verdad. Por último, arguyen que erró el TPI al desestimar la causa de acción presentada por la señora Hernández Viera, a pesar de haber determinado que la Apelante sufrió daños reales.

Por su parte, el Apelado arguye que los hechos propuestos por el matrimonio Cora-Hernández carecen de prueba que los sustenten y constituyen hechos que no son materiales. Asimismo, afirman que el señor Cora Colón no logró demostrar mediante prueba admisible los daños sufridos como consecuencia de los actos de GFR. Por otra parte, sostiene que los Apelantes no presentaron prueba para establecer la alegada malicia real del Apelado. Además, alegan que, conforme a lo resuelto por el Tribunal Supremo en *Colón Pérez v. Televicentro de P.R.*, *supra*, cuando un tercero reclama indemnización por los daños sufridos al haberse difamado a otra persona, y esta, a su vez, presenta su propia reclamación, la acción del tercero solo será considerada si se determina que procede la acción principal.

Ahora bien, por estar intrínsicamente relacionados, discutiremos los errores segundo y tercero de manera conjunta. En la *Segunda Demanda*

*Enmendada,* los Apelantes alegaron que El Nuevo Día había publicado tres (3) notas en las cuales identificó al señor Cora Colón como coacusado, a pesar de que los cargos en su contra habían sido desestimados a petición de la Fiscalía Federal. A raíz de ello, el matrimonio Cora-Hernández, sostuvo que habían sufridos daños, respectivamente, por la alegada difamación del señor Cora Colón. En específico, los Apelantes alegaron que los Apelados lesionaron su intimidad, imagen, reputación y honor.

Según hemos discutido, en un caso de daños por difamación, reclamados por una figura privada, la parte demandante deberá probar que la información publicada es falsa, que ello se debió a la negligencia del demandado y, **que sufrió daños reales** como consecuencia de la actuación u omisión del demandado. (Énfasis nuestro). En otras palabras, una acción de daños por difamación únicamente procederá cuando el demandante logre evidenciar todos los elementos de la acción.

Conforme surge de la *Sentencia,* los Apelantes probaron la falsedad de la información publicada por El Nuevo Día, así como la negligencia del Apelado al publicarla. Sin embargo, el foro primario concluyó que el señor Cora Colón no logró probar los daños sufridos como resultado de la actuación negligente de GFR y, por tanto, desestimó la causa de acción del señor Cora Colón. Particularmente, el TPI concluyó lo siguiente:

> [E]ntendemos que, en relación con el demandante Cora, la información publicada el 23 de mayo y 11 de julio de 2015 por El Nuevo Día, son falsas, fueron publicadas negligentemente y no están protegidas por el privilegio del "reporte justo y verdadero".
>
> A pesar de lo anterior, la prueba desfilada sobre la reputación del demandante Eduardo Cora, lo caracterizaron como una persona honesta e íntegra y un tremendo *asset* para la empresa como profesional y como persona.
>
> En cuanto a los daños, el demandante Eduardo Cora Col[ó]n declaró que, las publicaciones de las noticias que nos ocupa, los vecinos lo trataban con distancia, que en una ocasión una vecina le preguntó cómo estaba bregando con la probatoria. También declaró que al observar a sus padres sufriendo a[l] leer las noticias antes mencionadas, le causó frustración, coraje y preocupación. **Más allá de lo antes mencionado, el demandante no presentó prueba sobre sus daños**

> **emocionales y morales. El demandante Eduardo Cora Col[ó]n tampoco presentó prueba creíble que, como consecuencia de las publicaciones de las noticias que nos ocupa, sufrió daños a su reputación e imagen.**[1]

Es norma reiterada que, como foro apelativo intermedio, no debemos intervenir con la apreciación de la prueba del foro primario, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Evaluada la prueba testifical y documental que se presentó en el juicio en su fondo, no encontramos razón alguna para negarle deferencia a la apreciación de la prueba realizada por el TPI.

Una lectura de la transcripción del juicio en su fondo basta para concluir que no se presentó prueba suficiente para demostrar que el Apelante sufrió daños reales como consecuencia de las publicaciones, a pesar de haberse determinado que las actuaciones del Apelado fueron negligentes. Cabe destacar que, el señor Cora testificó que, posterior a las publicaciones, sus ingresos y su empleo como vicepresidente de mercadeo en la emisora de radio llamada "Magic" no se vieron afectados. De igual manera, mediante el testimonio del señor Cora Colón y la deposición del señor Arzuaga Arrieta, quedó evidenciado que la imagen y reputación del Apelante no se vieron afectadas tras la difusión de la información en El Nuevo Día.

Como mencionamos anteriormente, uno de los elementos que el señor Cora Colón debía probar para que prosperara su causa de acción era que sufrió daños reales como consecuencia de lo publicado, y no lo hizo. Como ya hemos señalado, la prueba en este tipo de reclamación debe ser **clara, robusta y convincente**. *Colón Pérez v. Televicentro de P.R.*, *supra*. Consecuentemente, la acción por difamación no se configuró. Por todo lo cual, concurrimos con la determinación del foro primario.

Por otro lado, los Apelantes aducen que incidió el TPI al no concluir que el Apelado actuó con malicia real. Según la jurisprudencia aplicable, en los

---

[1] Apéndice del Recurso, a las págs. 958-959 (*Sentencia*).

casos de daños por difamación, cuando el demandante es una figura privada, este solo debe probar que el demandado fue negligente. En otras palabras, en el caso de las figuras privadas, los demandantes no tienen que probar que la parte demandada actuó en menosprecio de la verdad ni que tenía la intención de desacreditar a la parte demandante, como ocurre en el caso de las figuras públicas. En el caso de marras, en ningún momento se ha alegado que el señor Cora Colón es una figura pública. Así las cosas, como figura privada, bastaba con que el Apelante demostrara que el Apelado actuó de manera negligente, lo cual hizo. Por tanto, no era necesario que el TPI determinara que el Apelado actuó con malicia real, según alega el matrimonio Cora-Hernández.

Mediante el cuarto señalamiento de error, el matrimonio Cora-Hernández aduce que erró el foro primario al desestimar la causa de acción presentada por la señora Hernández Viera, a pesar de determinar que la Apelante sufrió daños reales. Tampoco le asiste la razón. Veamos.

Surge de la *Sentencia*, que el TPI desestimó la causa de acción de la señora Hernández Viera, al amparo de lo resuelto en *Colón, Ramírez v. Televicentro de P.R., supra*. En el caso de referencia, nuestro Alto Foro resolvió como sigue:

> [S]i un tercero reclama, fundamentándose en el artículo 1802 del Código civil, para solicitar indemnización por los daños sufridos al haberse difamado a otra persona y ésta, a su vez, presenta su propia reclamación, **la del tercero se considerará una vez se determine que procede la acción principal**. *Íd.*, a la pág. 727.

(Énfasis nuestro).

En el caso de autos, la señora Hernández Viera solicita indemnización por los daños y angustias mentales sufridos a causa de la supuesta difamación de su esposo, el señor Cora Colón. Por lo tanto, a tenor con el derecho vigente, para que procediera la reclamación de la señora Hernández Viera, el señor Cora Colón debía demostrar mediante prueba clara, robusta y convincente los daños reales sufridos como consecuencia de las actuaciones

negligentes de GFR. Al no haber logrado evidenciar tal elemento, procedía la desestimación de la causa de acción por difamación del señor Cora Colón y, por consiguiente, la desestimación de la reclamación presentada por su esposa. Resulta forzoso concluir que el cuarto error no fue cometido.

Finalmente, mediante el primer señalamiento de error, el matrimonio Cora-Hernández aduce que incidió el foro primario al no realizar determinaciones de hechos materiales que, presuntamente, fueron sustentadas por la prueba. El foro primario emitió treinta y nueve (39) determinaciones de hechos sobre las cuales no existía controversia.

En el recurso ante nuestra consideración, los Apelantes presentaron un total de sesenta y tres (63) hechos materiales adicionales, los cuales alegan que fueron sustentados por la prueba y erróneamente omitidos por el TPI. En nuestra función revisora, evaluamos cada uno de los hechos adicionales propuestos y corroboramos que los hechos propuestos por los Apelantes resultan repetitivos en comparación con los contenidos en la *Sentencia* o inmateriales, mientras que los restantes hechos no alteran de forma alguna la determinación del foro primario.

De igual manera, los Apelantes únicamente impugnan tres (3) de los hechos determinados por el foro primario. Particularmente, sostienen que los siguientes hechos deben modificase o eliminarse:

> 13. La prueba estableció que corresponde al editor en jefe del medio y/o editor de redacción evaluar la solicitud y hacer la determinación correspondiente y no a la presidenta de la Junta de Directores.
>
> [...]
>
> 16. El demandante Eduardo Cora Colón no presentó prueba creíble que, como consecuencia de las publicaciones de las noticias que nos ocupa, haya sufrido daños a su reputación, imagen.
>
> [...]
>
> 27. La entonces periodista Mariana Cobián nunca se enteró del correo electrónico. Según la prueba apreciada, dicho correo debió

ser enviado a el editor en jefe del medio o al editor de redacción o la reportera que originó la noticia, Mariana Cobián.[2]

Según hemos discutido, no existe razón alguna para intervenir con la apreciación de la prueba del TPI. Así las cosas, tampoco intervendremos con las determinaciones de hechos realizadas por el foro primario.

**IV.**

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase, *Apelación* a las págs. 34-35.